```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Aubrey Townsville,              :     CIVIL ACTION
                                :     NO. 06-1595
        Petitioner,             :
                                :
    v.                          :
                                :
Charles Erickson et al.,        :
                                :
        Respondents.            :
```

## O R D E R

**AND NOW**, this **2nd** day of **October 2007**, upon consideration of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge and petitioner's objections thereto, it is hereby **ORDERED** as follows:

1. The Report and Recommendation (doc. no. 10) is **APPROVED** and **ADOPTED**;

2. Petitioner's Objections to the Report and Recommendation (doc. no. 13) are **OVERRULED**;[1]

---

[1] In his lengthy filing, Townsville raises only a few objections to Judge Strawbridge's Report and Recommendation ("Report"). For the most part, Townsville reiterates arguments that were presented in his petition and addressed in the Report. Of the objections Townsville does raise, none warrant relief.

First, Townsville objects to the Report's statement of the facts. The thrust of his objection is that, when looking at the facts, it is reasonable to conclude that Townsville was the attacked, not the attacker in the incident in question. Townsville objects to the Report because, in his view, it gives insufficient deference and emphasis to details that might support his own interpretation of the facts. Essentially, in challenging the fact statement, Townsville argues that there was insufficient evidence of his guilt because some facts could be interpreted to support his innocence. This objection is unavailing. When evaluating a sufficiency of the evidence claim, the record is

1

reviewed in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Thus, the Report need not, and may not, attempt to weigh all the evidence and determine whether Townsville's theory is correct. Instead, the Report must consider whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found Townsville's guilt beyond a reasonable doubt.

Second, Townsville contends that the Report misunderstands his argument regarding the admission of various photographs at trial. Townsville claims that the trial court erred in admitting not only the photo used by the police in the photo array presented to the victim, which is discussed in the Report, but also an older photo, also taken by the police at the time of an earlier arrest. The Report refers to the introduction of an "photo array"; the photograph Townsville objects to is not specifically mentioned. Report at 15-17. However, the photograph objected to was introduced by the defendant himself in an attempt to undermine the identification testimony by showing that the cut on Townsville that supposedly resulted from the victim's scratching him was actually a scar that Townsville had had for several years. Trial Tr., October 22, 1998, at 32-37. As the proponent of the admitted photograph, Townsville can hardly claim that it was error for the trial court to have admitted the photograph. Moreover, to the extent that Townsville relies on the photograph for his ineffective assistance of counsel argument, his objection must be overruled. It is clear that the introduction of the photograph was a tactical decision aimed at undermining the credibility of the witness's identification of Townsville.

Finally, Townsville argues that the Report should have deemed admitted any averments made by Townsville in his Petition for Habeas Corpus that were not specifically denied by Respondent. Townsville relies for this argument on Federal Rule of Civil Procedure 8, which he argues should apply to this proceeding by virtue of Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Townsville's argument is unavailing. Habeas Rule 11 states that the Federal Rules of Civil Procedure "may be applied" to a habeas proceeding, not that they must be applied. This wording was "intended to conform with the Supreme Court's approach" in Harris v. Nelson, 394 U.S. 286 (1969). Habeas Rule 11, cmt. In Harris, the Court emphasized the unique qualities of habeas proceedings but held that, if necessary, a district court may fashion procedures to assist in a habeas proceeding with reference to any

        3.    The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 1) is **DENIED** and **DISMISSED WITH PREJUDICE;**

        4.    There is no probable cause to issue a Certificate of Appealability.[2]

**AND IT IS SO ORDERED.**

        S/Eduardo C. Robreno

        **EDUARDO C. ROBRENO, J.**

---

familiar materials, including the Rules of Civil Procedure. Thus, Rule 11, which follows Harris's approach, should be read as allowing district courts to use discretion in invoking the Civil Rules, particularly the discovery rules, which were at issue in Harris, when appropriate. See Habeas Rule 11, cmt.  Rule 11 does not seek to force courts to apply the pleading standards set forward in Rule 8 to habeas proceedings.  Moreover, applying Rule 8 to "deem admitted" averments in a habeas petition would be inappropriate because the pleading requirements set forward in the Habeas Rules differ from those in the Civil Rules. Compare Habeas Rule 2 (requiring petitioner to "specify all grounds for relief available" and "state the facts supporting each ground"), with Fed. R. Civ. P. 8 (requiring only a "short and plain statement of the claim").

    [2]    A prisoner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  No basis for a certificate of appealability exists in this case, as the petitioner is unable to meet this standard.